UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

GINO FIERMONTE,

                   Plaintiff,

       -against-

AIRPORT DESIGN CONSULTANTS,
INC., BURNS ENGINEERING, INC.,
SAVIK & MURRAY, CONSULTING
ENGINEERS, PLLC, SAVIK, MURRAY
& AURORA CONSTRUCTION
MANAGEMENT CO., LLC, SAVIK AND
MURRAY, LLP, LONG ISLAND POWER
AUTHORITY, TOWN OF ISLIP,
JOHNSON, KUKATA, & LUCCHESI,
P.C. and VASHTI DEONARAIN,

                   Defendants.

-----------------------------------------------------X

| |
|---|
| Civil Action No. CV-24-2749 |
| (Brown, J.) (Locke, M.J.) |


MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS CROSS-CLAIMS


BREON PEACE
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722


Diane C. Leonardo
Assistant U.S. Attorney
     (Of Counsel)

August 30, 2024

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ........................................................................................**1**

STATEMENT OF FACTS…………………………………………………………..**2**

ARGUMENT…………………………………………………………………………...**4**

POINT I

THE COURT  LACKS SUBJECT MATTER JURISDICTION OVER ANY PURPORTED
CROSS-CLAIMS………………………………………………………………….. **6**

POINT II

THE CROSS CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM......9

CONCLUSION.......................................................................................................10

## TABLE OF AUTHORITIES

### FEDERAL CASES

A.Q.C. v. Bronx-Lebanon Hosp. Ctr., No. 11-2656, 2012 U.S. Dist. LEXIS 6773 (S.D.N.Y. January 20, 2012) ................................................................................................. 8

Abiuso v. Donahoe, No. 12 Civ. 1713, 2015 WL 3487130 (E.D.N.Y. June 3, 2015) .................... 5

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .................................................................................... 4

Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196 (2d Cir. 1992) ...................... 5

Barnaby v. Quintos, 410 F. Supp. 2d 142 (S.D.N.Y. 2005)…………………………………….. 6,8

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)) .......................................................... 4

Bryant v. Steele, 25 F. Supp. 3d 233 (E.D.N.Y. 2014).................................................. 7

Cubilete v. United States, 469 F. Supp. 3d 13 (E.D.N.Y. 2020) ...................................... 9

Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78 (2d Cir. 2013) ................................... 4

Energy Brands, Inc. v. Jorgensen, No. 09-CV-591A, 2011 U.S. Dist. LEXIS 6937 (W.D.N.Y. January 24, 2011) .............................................................................................. 10

G.T. v. Bronx Leb. Hosp. Ctr., No. 22-CV-5129, 2023 U.S. Dist. LEXIS 32328, *7 (S.D.N.Y. February 27, 2023…………………………………………………………………………9

In re Merrill Lynch & Co., 273 F.Supp.2d 351 (S.D.N.Y. 2003)...................................... 5

Kennedy v. Paul, No. CV-12-1491, 2013 U.S. Dist. LEXIS 140985 (D.C. Conn. September 30, 2013) ...................................................................................................... 8

Lunney v. United States, 319 F.3d 550 (2d Cir. 2003)..................................................... 5

Makarova v. United States, 701 F.3d 110 (2d Cir. 2000).................................................. 4

Moreland v. Van Buren GMC, 93 F. Supp. 2d 346 (E.D.N.Y. 1999) ................................. 7

Nordlicht v. New York Tel. Co., 799 F.2d 859, 863 (2d Cir. 1986)……………………………..6

Oneida Indian Nation of New York v. State of New York, 691 F.2d 1070 (2d Cir. 1982)............ 5

PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 73 (2d Cir. 1998)………….……6

Roth v. CitiMortgage Inc.,756 F.3d 178 (2d Cir. 2014) ...................................................... 6

Samuels v. Air Transp. Local 504, 992 F.2d 12 (2d Cir. 1993) ...................................................... 7

Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc., 156 F. Supp. 3d 348
(E.D.N.Y. 2016)...................................................................................................................... 10

Simmons v. United States, 2020 U.S. Dist. LEXIS 108857 (E.D.N.Y. June 22, 2020)................. 9

Singleton v. Elrac, Inc., No. 03-CIV-4979, 2004 WL 2609554 (S.D.N.Y. Nov. 16, 2004)

Spina v. Liu, 541 F. Supp. 3d 426 (S.D.N.Y. 2021)..................................................................... 9

Thompson v. Wheeler, 898 F. 2d 406 (3d Cir. 1990)..................................................................... 8

Zanghi v. Sisters of Charity Hosp. of Buffalo, No.12-CV-7655, 2013 U.S. Dist. LEXIS 26044
(W.D.N.Y. February 18, 2013)................................................................................................. 8

**FEDERAL RULES**

Fed. R. Civ. P. 8 .......................................................................................................................... 9

Fed. R. Civ. P. 12(b)(1).......................................................................................................... 4.5

Fed. R. Civ. P. 12(b)(6)........................................................................................................... 4,5

**FEDERAL STATUTES**

28 U.S.C. § 1442(a)(1) ............................................................................................................... 7

28 U.S.C. § 2679(d)(2). ............................................................................................................... 7

42 U.S.C. § 233(c) ...................................................................................................................... 8

**PRELIMINARY STATEMENT**

The United States of America (the "United States") respectfully submits this memorandum of law in support of its motion to dismiss cross-claims brought by the co-defendants in this action.

On November 10, 2022, Plaintiff Gino Fiermonte ("Plaintiff") commenced an action against Airport Design Consultants, Inc. ("ADCI"), Burns Engineering, Inc. ("Burns"), Savik & Murray Consulting Engineers, PLLC, Savik and Murray, LLP (together "S & M"), Savik, Murray and Aurora Construction Management Co., LLC ("Savik"), Long Island Power Authority ("LIPA"), the Town of Islip and Johnson, Kukata & Lucchesi, P.C. ("JKL") seeking damages for injuries he allegedly sustained while working at Long Island MacArthur Airport. See Fiermonte v. Long Island Power Authority, et.al., Index No. 205623/2022 (New York State Supreme Court, Suffolk County) (the "State Court Action").

On February 12, 2024, Plaintiff filed an amended complaint in the State Court Action naming as a defendant, for the first time, an employee of the Federal Aviation Administration ("FAA") alleging, inter alia, that the employee negligently, recklessly and carelessly caused, permitted and/or allowed a transformer site on the runway at MacArthur to be, become and remain in a dangerous and defective condition.  The United States removed the State Court Action on April 12, 2024.  See Fiermonte v. Airport Design Consultants, et. al., CV-24- 2749 (E.D.N.Y.), Docket Entry ("DE") 1.

Upon removal, as outlined below, the state court co-defendants filed answers to Plaintiff's amended complaint and asserted a variety of cross-clams as against all other co-defendants.  The co-defendants did not allege any specific claims as against the FAA employee, but rather generic claims for contribution, indemnification and breach of contract as against all

1

co-defendants, collectively.  None of the co-defendants asserted cross-claims against the United States.

Upon the United States' motion, the Court dismissed Plaintiff's amended complaint as against the United States under the doctrine of derivative jurisdiction finding that the Court lacked subject matter jurisdiction over Plaintiff's claims that were filed in state court against the FAA employee.  See DE dated July 25, 2024.[1]  The co-defendants' similarly cannot demonstrate subject matter jurisdiction of their cross-claims against the United States under the doctrine of derivative jurisdiction. The Court should therefore dismiss the cross-claims as against the United States for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1).  Alternatively, should the Court find that the co-defendants have established subject matter jurisdiction of their cross-claims against the United States, the Court should nonetheless dismiss them for failure to state a claim under Fed. R. Civ. P. 12 (b)(6)because they are generic in nature.

## STATEMENT OF FACTS

Co-defendant Savik filed an answer to Plaintiff's amended complaint, in which Savik asserted a generic claim for indemnification as against all co-defendants, collectively. DE 9 at ¶ 26.  Co-defendants ADCI and JKL[2] filed an answer to Plaintiff's amended complaint and asserted a generic claim for contribution as against all co-defendants, collectively (DE 11 at ¶¶ 700-701) and also asserted a generic claim for common law indemnity as against all co-

---

[1] Plaintiff filed a notice of appeal, dated August 23, 2024, (DE 51) and a notice of interlocutory appeal, dated August 27, 2024. DE 52.

[2] ADCI and JKL are represented by the same counsel and filed a combined answer to the amended complaint.  DE 11.

defendants, collectively.  Id. at ¶¶ 702-703.  Co-defendants S&M[3] filed an answer to Plaintiff's amended complaint and asserted a generic claim for apportionment and indemnification as against all defendants, collectively. DE 21 at p. 54. Co-defendant Burns filed an answer to Plaintiff's amended complaint and asserted a generic claim for contribution, indemnification, breach of contract, contractual indemnification, and breach of an insurance procurement obligation as against all defendants, collectively.  DE 22 at pp. 9-10.

None of the cross-claims contain specific allegations against the FAA employee or the United States.

On April 30, 2024, the United States filed a letter requesting a premotion conference with the Court in anticipation of moving to dismiss Plaintiff's amended complaint. DE 16.  Plaintiff also sought a premotion conference (DE 25) and separately responded to the United States' request for a conference. DE 30.  Co-defendant S&M filed a letter in response, taking no position on the United States' motion as to Plaintiff, but asserted that the Court should retain jurisdiction over the cross-claims. DE 32.  The United States subsequently filed a letter seeking a premotion conference to dismiss all cross-claims against them. DE 35.

Although the Court granted the United States' request for a premotion conference, the Court issued a discovery schedule. Pursuant to the discovery schedule (DE 24), on June 14, 2024, the United States served interrogatories and document demands on Plaintiff and the co-defendants. To date, one party, co-defendant S&M, has served responses.

At the conclusion of the premotion conference, for the reasons the Court set forth on the record, the Court granted the United States' motion to dismiss Plaintiff's claims for lack of

---

[3] Savik & Murray Consulting Engineers, PLLC, Savik and Murray, LLP (together "S & M") are represented by the same counsel and filed a combined answer to the amended complaint.  DE 21.

3

subject matter jurisdiction and directed that the parties further brief the issue regarding the Court's jurisdiction over the cross-claims. See DE, dated July 25, 2024. Thereafter, the discovery schedule was stayed pending the resolution of this motion. DE dated July 26, 2024. As discussed below, the doctrine of derivative jurisdiction precludes subject matter jurisdiction of the co-defendants' cross-claims against the United States the same as it did Plaintiff's claims. Therefore, the Court should dismiss the co-defendants' cross-claims against the United States and remand this case to state court.

## ARGUMENT

A claim is properly dismissed under Federal Rule of Civil Procedure 12(b)(1) where there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1); Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (per curiam) (holding that dismissal under Rule 12(b)(1) "is proper when the district court lacks the statutory or constitutional power to adjudicate" the case (citations omitted)). The party asserting the court has subject matter jurisdiction bears the "burden of proving" subject-matter jurisdiction by a "preponderance of the evidence." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). On a Rule 12(b)(1) motion, the Court may also refer to "evidence outside the pleadings," such as documents or affidavits, without converting the motion to one for summary judgment. See id.

A complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" where the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant

4

is liable for the misconduct alleged." Id. By contrast, a complaint offering "'naked assertion[s]' devoid of 'further factual enhancement,'" "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Id. at 678 (quoting Twombly, 550 U.S. at 555, 557).  On a Rule 12(b)(6) motion, the Court should consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matter of which judicial notice may be taken."  Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

In reviewing a motion to dismiss under Rule 12(b)(1) or 12(b)(6), the Court must "take all of the factual allegations in the complaint as true" and draw all "reasonable inference[s]" in favor of the plaintiff.  Iqbal, 556 U.S. at 678; see Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003).  The Court, however, need not accept as true allegations that are "legal conclusions," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or "argumentative inferences."  Iqbal, 556 U.S at 678; Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992).

In deciding a motion to dismiss, a court may consider "facts alleged in the complaint and documents attached to it or incorporated in it by reference," "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference," "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint," or "facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence."  Abiuso v. Donahoe, No. 12 Civ. 1713, 2015 WL 3487130, at *3 (E.D.N.Y. June 3, 2015) (Bianco, J.) (quoting In re Merrill Lynch & Co., 273 F.Supp.2d 351, 356-57 (S.D.N.Y. 2003)); see e.g., Oneida Indian Nation of New York v. State of New York, 691 F.2d 1070, 1086 (2d Cir. 1982) (holding that the district

5

court may take judicial notice of written materials "[w]hen there is no dispute as to the authenticity of such materials and judicial notice is limited to law, legislative facts, or factual matters that are incontrovertible, such notice is admissible."); Roth v. CitiMortgage Inc., 756 F.3d 178, 180 (2d Cir. 2014) (per curiam) (holding that in deciding a Rule 12(b)(6) motion, the court may consider, in addition to the factual allegations of the complaint, documents attached to the complaint as exhibits or incorporated in it by reference, matters of which the court may take judicial notice, and documents in the plaintiffs' possession or of which she had knowledge and relied on in bringing suit).

### POINT I

**THE COURT LACKS SUBJECT MATTER JURISDICTION
OVER ANY PURPORTED CROSS-CLAIMS**

Under the doctrine of derivative jurisdiction, a federal court lacks jurisdiction upon removal where the state court from which the action was removed lacked jurisdiction. See PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 73 (2d Cir. 1998); Barnaby v. Quintos, 410 F. Supp. 2d 142, 143 (S.D.N.Y. 2005) ("the jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."). "This result obtains even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts." Nordlicht v. New York Tel. Co., 799 F.2d 859, 863 (2d Cir. 1986). Accordingly, Plaintiff's claims were dismissed for lack of subject matter jurisdiction because the Court did not derive jurisdiction from the State Court Action. See DE 16, DE dated July 25. 2024.

The co-defendants' cross-claims against the FAA employee should also be dismissed for lack of subject jurisdiction.

"A federal court has subject matter jurisdiction over a cause of action only when it has authority to adjudicate the cause pressed in the complaint." Bryant v. Steele, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014)(Spatt, J.).  It is well-settled that the derivative jurisdiction doctrine applies to removals under 28 U.S.C. §§ 1442 (a)(1) and 2679 (d)(2) and deprives the court of jurisdiction over third-party claims.  See Simmons v. United States, 2020 U.S. Dist. LEXIS 108857, *5-6 (E.D.N.Y. June 22, 2020)(Kovner, J.)("As a consequence, the state court in which this suit was brought lacked jurisdiction to adjudicate Mr. Simmons' claim against Mr. Torres—which was, by operation of law, a claim against the United States. Under the doctrine of derivative jurisdiction, because the state court lacked jurisdiction over that claim, this Court also lacks jurisdiction over the claim after removal—even where the federal court would have [had] jurisdiction if the claim had been brought in federal court in the first instance.")(internal citations omitted).  Further, a co-defendant does "not create federal jurisdiction by asserting a cross-claim against the United States in his answer.  Federal jurisdiction must be predicated on the allegations in the complaint." Id. at *6. See Moreland v. Van Buren GMC, 93 F. Supp. 2d 346, 354 (E.D.N.Y. 1999)(Hurley, J.) ("Additionally, the weight of authority  holds that the derivative jurisdiction doctrine remains applicable to removals under Section 1442(a)(1)" and thus, third-party claims were dismissed.); see also Singleton v. Elrac, Inc., No. 03-CIV-4979, 2004 WL 2609554, at *3 (S.D.N.Y. Nov. 16, 2004)("District courts in the Second Circuit have properly applied the doctrine of derivative jurisdiction to dismiss third-party complaints against federal agencies in the circumstances presented in this case… Because the state court lacked jurisdiction over the third-party complaints and the federal court acquired none upon removal, the court dismissed the third-party complaints and remanded the remainder of the action to state court." (citing Moreland v. Van Buren GMC, 93 F. Supp. 2d at 355).

7

Co-defendant S&M's reliance on <u>Zanghi v. Sisters of Charity Hosp. of Buffalo</u>, No.12-CV-7655, 2013 U.S. Dist. LEXIS 26044 (W.D.N.Y. February 18, 2013) to support their position that the court may retain jurisdiction over third-party claims is unavailing.  See DE 32.[4]  The reasoning in <u>Zanghi</u>, which in turn relied upon the reasoning found in a footnote in <u>Thompson v. Wheeler</u>, 898 F. 2d 406, 409 n. 2 (3d Cir. 1990) has been rejected and distinguished many times over by courts in this Circuit.  <u>Barnaby v. Quintos</u>, 410 F. Supp. 2d at 146-147 ("Whatever the merits of that position, <u>Thompson</u> was a case where the notice of removal was not based on Section 2679(d)."); <u>A.Q.C. v. Bronx-Lebanon Hosp. Ctr.</u>, No. 11-2656, 2012 U.S. Dist. LEXIS 6773, *11-12 (S.D.N.Y. January 20, 2012)("Whatever the merits of the Third Circuit's reasoning, <u>Thompson</u> is distinguishable from the instant matter because Dr. Castillo removed under 28 U.S.C. § 1442(a)(1) in addition to 28 U.S.C. § 2679(d)(2)."); <u>Kennedy v. Paul</u>, No. CV-12-1491, 2013 U.S. Dist. LEXIS 140985, *15 (D.C. Conn. September 30, 2013) ("The Court rejects HGC's reliance on <u>Thompson</u> for several reasons. First, there is the simple reason that dicta embedded in a footnote in <u>Thompson</u> is not binding on this Court. Although district courts in this circuit have taken conflicting positions on the validity of <u>Thompson's</u> findings, it does not appear that the reasoning in <u>Thompson</u> is yet the rule in this circuit. Compare <u>Barnaby</u>, 410 F. Supp. 2d at 146 (criticizing the reasoning in <u>Thompson</u>), with <u>Zanghi</u>, 2013 U.S. Dist. LEXIS 26044, at *8 (applying <u>Thompson's</u> reasoning to removal under 42 U.S.C. § 233(c).")

Similarly, here removal was pursuant to both under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2) and as discussed above, the doctrine of derivative jurisdiction deprived this Court of subject matter jurisdiction over Plaintiff's claims and in turn, deprives the Court jurisdiction

---

[4] As discussed above, S&M submitted a letter (DE 32) to the Court in response to the United States' pre-motion conference letter (DE 16) and Plaintiff's pre-motion conference letters.  DE 25, 30.

over the cross-claims.  Accordingly, "the dismissal of the United States eliminated the only properly established basis for subject matter jurisdiction. Accordingly, the action against the remaining defendant is remanded to the New York State Supreme Court, Kings County."  Spina v. Liu, 541 F. Supp. 3d 426, 434 (S.D.N.Y. 2021)(Koeltl, J.); G.T. v. Bronx Leb. Hosp. Ctr., No. 22-CV-5129, 2023 U.S. Dist. LEXIS 32328, *7 (S.D.N.Y. February 27, 2023)("Courts have consistently remanded such actions with the remaining defendants to state court.")

"

## POINT II

### THE CROSS CLAIMS SHOULD BE DISMISSED
### FOR FAILURE TO STATE A CLAIM

The cross-claims asserted by co-defendants are merely generic and do not make any specific allegations against the FAA employee or the United States.

Co-defendant Savik's cross-claims consisted of a claim for indemnification against all co-defendants. DE 9 at ¶ 26.  Co-defendants ADCI and JKL's cross claims consisted of claims for indemnification, contribution, and common-law indemnification against all co-defendants. DE 11 at ¶¶ 700-703.  Co-defendants S&M's cross-claims consisted of claims for apportionment, contribution and indemnification against all co-defendants. DE 21 at p. 54.  Co-defendant Burns' cross-claims consisted of claims for contribution and/or indemnification, contractual indemnification, and breach of an insurance procurement obligation against all co-defendants. DE 22 at pp. 9-10.

Such generic allegations fall far short of the requirements of Fed. R. Civ. P. 8. Cubilete v. United States, 469 F. Supp. 3d 13, 20 (E.D.N.Y. 2020)("While it is true that the pleading standards may be lessened somewhat for third-party claims, which may be read in conjunction with the original pleadings . . . third-parties seeking indemnification or contribution must still set forth enough facts to state a claim to relief that is plausible on its face.")(internal

9

quotation omitted); <u>see</u> <u>also</u> <u>Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.</u>, 156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016)(Seybert. J.)(granting dismissal of cross-claims because "[a]lthough Wells Fargo's cross-claim does reference the Complaint, it does not contain a single independent fact indicating why Reis is obligated to indemnify Wells Fargo in the event Wells Fargo is ultimately found liable to Plaintiff. Although a cross-claim provides as much detail as the allegations within the Complaint, it must provide more than boilerplate language to give adequate notice under Rule 8."); <u>Energy Brands, Inc. v. Jorgensen</u>, No. 09-CV-591A, 2011 U.S. Dist. LEXIS 6937, *23 (W.D.N.Y. January 24, 2011)("Such bare bones conclusory allegations of liability are insufficient to meet Rule 8 pleading requirements post-<u>Iqbal</u>.")

Accordingly, the cross-claims should be dismissed for failure to state a claim.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court grant its motion to dismiss the cross0claims in their entirety, with prejudice, together and with such other and further relief as this Court may deem just and proper.

Dated: Central Islip, New York
August 30, 2024

Respectfully submitted,

BREON PEACE
United States Attorney
Attorney for Defendants
610 Federal Plaza, 5th Floor
Central Islip, New York 11722

By:    /s/ Diane C. Leonardo
Diane C. Leonardo
Assistant U.S. Attorney
(631) 715-7854

10