UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GINO FIERMONTE,

                Plaintiff,

       -against-

AIRPORT DESIGN CONSULTANTS, INC.,
BURNS ENGINEERING, INC., SAVIK &         Case No. 24-cv-2749 (GRB) (SIL)
MURRAY, CONSULTING ENGINEERS, PLLC,
SAVIK, MURRAY & AURORA CONSTRUCTION
MANAGEMENT CO., LLC, SAVIK AND
MURRAY, LLP, LONG ISLAND POWER
AUTHORITY, TOWN OF ISLIP, JOHNSON, KUKATA
& LUCHESSI, P.C. and VASHTI DEONARIAN,

                Defendants.
------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION
TO UNITED STATES'S MOTION TO DISMISS**


DENLEA & CARTON LLP
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel.: (914) 331-0100
Fax: (914) 331-0105
*Attorneys for Defendants Savik & Murray
Consulting Engineers, PLLC, and
Savik and Murray, LLP*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND....................................................................................................2

LEGAL ARGUMENT...........................................................................................................3

I.    The Court Possesses Subject Matter Jurisdiction Over
      S&M's Cross-Claims Against the United States ...............................................................3

      A.    Derivative Jurisdiction Does Not Apply Because
            the United States Removed Under Section 1441(a) ...............................................4

      B.    The Court Still Has Subject Matter Jurisdiction
            Even If the Doctrine of Derivative Jurisdiction Applies .......................................7

II.   S&M's Cross-Claims Are Properly Pleaded.........................................................................9

CONCLUSION...................................................................................................................12

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.Q.C. v. Bronx-Lebanon Hosp. Ctr.*,
2012 U.S. Dist. LEXIS 6773 (S.D.N.Y. Jan. 20, 2012)................................................................6

*Arrow Fin. Servs., LLC v. Massil*,
2009 U.S. Dist. LEXIS 10255 (E.D.N.Y. Feb. 9, 2009)..............................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................2, 9, 10

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
426 F.3d 635 (2d Cir. 2005).......................................................................................................4

*Barnaby v. Quintos*,
410 F. Supp. 2d 142 (S.D.N.Y. 2005).........................................................................................6

*Bd. of Managers of Olive Park Condo. v. Maspeth Props., LLC*,
170 A.D.3d 645 (App. Div. 2019) .............................................................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................................10

*Bierman v. Comm'r of the SSA*,
2018 U.S. Dist. LEXIS 133167 ...................................................................................................6

*Bloch v. Exec. Office of the President*,
164 F. Supp. 3d 841 (E.D. Va. 2016) ........................................................................................6

*Brizendine v. Continental Casualty Co.*,
773 F. Supp. 313 (N.D. Ala. 1991)........................................................................................5, 6

*Comer v. Titan Tool*,
888 F. Supp. 605 (S.D.N.Y. 1995) ...........................................................................................11

*Conn. Parents Union v. Russell-Tucker*,
8 F.4th 167 (2d Cir. 2021) .........................................................................................................4

*Energy Brands, Inc. v. Jorgensen*,
2011 U.S. Dist. LEXIS 6937 (W.D.N.Y. Jan. 25, 2011)............................................................11

*Ernst v. Gateway Plaza Mgmt. Corp.*,
2012 U.S. Dist. LEXIS 58133 (S.D.N.Y. Mar. 14, 2012) ...........................................................4

*G.T. v. Bronx Lebanon Hosp. Ctr.*,
  2023 U.S. Dist. LEXIS 32328 (S.D.N.Y. Feb. 27, 2023)......................................................6

*Garrett v. Holiday Inns, Inc.*,
  58 N.Y.2d 253 (1983) ........................................................................................................11

*Hayden v. Paterson*,
  594 F.3d 150 (2d Cir. 2010)................................................................................................9

*Kennedy v. Paul*,
  2013 U.S. Dist. LEXIS 140985 (D. Conn. Sept. 30, 2013) ...............................................6

*Kirchner v. Putnam Funds Trust*,
  547 U.S. 633 (2006)............................................................................................................8

*Konsky v. Escada Hair Salon, Inc.*,
  113 A.D.3d 656 (App. Div. 2014) ....................................................................................12

*Lambert Run Coal Co. v. Baltimore & Ohio R.R.*,
  258 U.S. 377 (1922)............................................................................................................5

*Moreland v. Van Buren GMC*,
  93 F. Supp. 2d 346 (E.D.N.Y. 1999) ..................................................................................7

*Premier Med. LLC v. United States*,
  2021 U.S. Dist. LEXIS 10432 (W.D. La. Jan. 20, 2021)....................................................5

*Raquet v. Braun*,
  90 N.Y.2d 177 (1997) ........................................................................................................11

*Rodas v. Seidlin*,
  656 F.3d 610 (7th Cir. 2011) ..............................................................................................5

*Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*,
  156 F. Supp. 3d 348 (E.D.N.Y 2016) ...............................................................................11

*Shelton v. United States*,
  2015 U.S. Dist. LEXIS 102215 (D. Md. Aug. 5, 2015) ...................................................10

*Simmons v. United States*,
  2020 U.S. Dist. LEXIS 108857 (E.D.N.Y. June 22, 2020) ................................................6

*Singleton v. Elrac, Inc.*,
  2004 U.S. Dist. LEXIS 23269 ............................................................................................6

*Spina v. Liu*,
  541 F. Supp. 3d 426 (S.D.N.Y. 2021)..................................................................................6

*Strychasz v. Maron Constr. Co.*,
  2002 U.S. Dist. LEXIS 27339 (D. Conn. July 16, 2022)..........................................................6

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
  752 F.3d 239 (2d Cir. 2014)....................................................................................................4

*Thompson v. Wheeler*,
  898 F.2d 406 (3d Cir. 1990)....................................................................................................7

*Tomlin v. Pease*,
  2014 U.S. Dist. LEXIS 46683 (E.D. Pa. Apr. 4, 2014) ...........................................................8

*Zanghi v. Sisters of Charity Hosp. of Buffalo*,
  2013 U.S. Dist. LEXIS 26044 (W.D.N.Y. Feb. 18, 2013) ...............................................7, 8, 9

**Statutes**

28 U.S.C. § 1441.......................................................................................................... *passim*

28 U.S.C. § 1442...............................................................................................................4, 6

28 U.S.C. § 2679(d)(2) .....................................................................................................4, 6

42 U.S.C. § 233(c) ...............................................................................................................6

**Other Authorities**

1986 U.S. Code Cong. & Admin. News, 1553 .........................................................................5

Fed. R. Civ. P. 8.................................................................................................................10

Fed. R. Civ. P. 12(b)(1)...................................................................................................1, 3, 4

Fed. R. Civ. P. 12(b)(6)........................................................................................1, 3, 9, 10, 12

Fed. R. Civ. P. 15...............................................................................................................11

N.Y. CPLR § 1401..............................................................................................................11

Defendants Savik & Murray Consulting Engineers, PLLC, and Savik and Murray, LLP (together, "S&M"), respectfully submit this Memorandum of Law in opposition to defendant United States of America's (the "United States") Motion to Dismiss S&M's cross-claims pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

### PRELIMINARY STATEMENT

This action arises from an incident at MacArthur Airport on September 8, 2021, in which plaintiff Gino Fiermonte ("Plaintiff") was injured while working as a maintenance electrician. Plaintiff initially commenced this action in New York Supreme Court, Suffolk County, with the filing of his Complaint on November 10, 2022.  He filed an Amended Complaint in state court on February 12, 2024.  That Amended Complaint, which remains the operative pleading, cast a wide net of vague and conclusory allegations against nine defendants and was woefully short on detail.

Because one of the named Defendants in the Amended Complaint was an employee of the Federal Aviation Administration (the "FAA"), the United States removed this action on April 12, 2024.  All Defendants answered the Amended Complaint either before or after removal. S&M, among others, asserted cross-claims for indemnification and contribution against the other Defendants based on their own respective actions.

Having successfully moved to dismiss Plaintiff's claims against it, the United States now moves to dismiss all of the Defendants' cross-claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  For the following reasons, the United States's motion should be denied.

First, despite the United States's misplaced arguments, there is no bar to this Court exercising subject matter jurisdiction over this case.  The United States argues derivative

1

jurisdiction divests this Court of jurisdiction over Plaintiff's claims and all Defendants' cross-claims. The United States, however, removed this action pursuant to, *inter alia*, 28 U.S.C. § 1441(a), and derivative jurisdiction does not apply to or otherwise limit removals under section 1441. Accordingly, derivative jurisdiction does not bar the Court's exercise of subject matter jurisdiction now.

Assuming, *arguendo*, the United States had not removed the case pursuant section 1441, the Court could still exercise subject matter jurisdiction because the state court had jurisdiction when this case was originally filed and was not divested of jurisdiction until later. Therefore, the doctrine of derivative jurisdiction does not serve to preclude the exercise of subject matter jurisdiction.

Second, S&M's cross-claims are adequately pleaded under *Iqbal* given the limited information S&M has at this time before discovery has begun. Nonetheless, if the Court finds the cross-claims to be inadequately pleaded, S&M respectfully requests it be granted leave to replead those allegations.

## **FACTUAL BACKGROUND**

The following factual background is taken from Plaintiff's Amended Complaint.

Plaintiff alleges he was working at MacArthur Airport on September 8, 2021. (Am. Compl. ¶ 2, 637.) At some point on September 8, 2021, Plaintiff's coworker, Michael Jakob, requested that defendant Vashti Deonarain ("Deonarain"), an employee of the FAA (and therefore a "federal employee" under the Federal Tort Claims Act (the "FTCA")), turn off the power to Taxiway Golf. (*Id.* ¶¶ 613-619.) Deonarain, however, failed to de-energize the Taxiway as directed. (*Id.* ¶¶ 620-629.) Jakob was then electrocuted while working on an electrified sign. (*Id.* ¶¶ 634-636.) Plaintiff was also injured as a result. (*Id.* ¶¶ 637-638.)

2

Plaintiff initially commenced this action with the filing of his Complaint in New York Supreme Court, Suffolk County, on November 10, 2022.  (*See Fiermonte v. Airport Design Consultants Inc.*, Index No. 205623/2022, Complaint (NYSCEF Doc. No. 1), filed on Nov. 10, 2022.)  The initial Complaint only named as defendants the Long Island Power Authority, the Town of Islip and Johnson, Kukata, & Lucchesi, P.C.  (*Id.*)  Plaintiff then filed his Amended Complaint on February 12, 2024.  The Amended Complaint added claims against Deonarain and S&M, among others.  (*See* Am. Compl. (Doc No. 1-1).)

The United States subsequently removed this case on April 12, 2024.  On April 30, 2024, the United States filed a Certification of Scope of Employment and Notice of Substitution of United States of America for Vashti Deonarain.  (*See* Doc. No. 16-1.)

The United States then submitted a letter to the Court seeking leave to dismiss this case because Plaintiff failed to follow the pre-suit requirements for bringing an action under the FTCA as against Deonarain.  After the Court granted the United States's motion to dismiss the direct claim against it, the United States moved to dismiss the cross-claims asserted against it under Rule 12(b)(1) and Rule 12(b)(6).  For the following reasons, the Court should deny the United States's motion.

## LEGAL ARGUMENT

**I.     The Court Possesses Subject Matter Jurisdiction
        Over S&M's Cross-Claims Against the United States**

The United States first moves to dismiss S&M's cross-claims based on its mistaken argument that the Court lacks jurisdiction to adjudicate those claims.  The United States's argument ignores its own bases for removal.  Contrary to the United States's arguments, the Court can adjudicate the cross-claims because this case was removed pursuant to 28 U.S.C.

3

§ 1441(a).  Moreover, the cross-claims provide a basis for the Court to hear the entire case even with the dismissal of Plaintiff's claims against the United States.

A district court must dismiss an action pursuant to Rule 12(b)(1) "for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it." *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).  While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits," in which case "the party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and alterations omitted); *Ernst v. Gateway Plaza Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 58133, at *2 (S.D.N.Y. Mar. 14, 2012) ("In deciding jurisdictional issues, the court may rely on affidavits and other evidence outside the pleadings.").

## A. Derivative Jurisdiction Does Not Apply Because the United States Removed Under Section 1441(a)

The United States asserts the Court lacks subject matter jurisdiction over the case because the state court from which this case was removed lacked jurisdiction over the FTCA claims when this case was commenced.  (*See* Memorandum of Law in Support of the United States' Motion to Dismiss Cross Claims (Doc. No. 52-1) ("U.S. Br.") at 6-9.)  In support of this argument, the United States relies upon myriad cases applying 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2).  These

4

cases are distinguishable for the simple reason that the United States removed this action pursuant to 28 U.S.C. § 1441(a) (among other statutes) (*see* Notice of Removal ¶ 8), and derivative jurisdiction does not apply to removals under section 1441(a).

The doctrine of derivative jurisdiction has its roots in *Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377 (1922). In that case, the Supreme Court noted "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction." *Id.* at 382. Importantly, the doctrine was later eliminated with respect to removals under section 1441(a) by the predecessor to 28 U.S.C. § 1441(f).

Section 1441(f), as currently codified, allows removal under section 1441(a) even when the state court did not have jurisdiction in the first instance. 28 U.S.C. § 1441(f); *see Rodas v. Seidlin*, 656 F.3d 610, 618 (7th Cir. 2011); *Brizendine v. Continental Casualty Co.*, 773 F. Supp. 313, 319 (N.D. Ala. 1991) ("In enacting § 1441(e) [the predecessor to section 1441(f)], Congress clearly abrogated the derivative jurisdiction doctrine;" "The [Congressional] Report went on to state that 'the purpose of § 1441(e) is to abolish the present judicial rule that an improvidently brought state civil action, the subject matter of which is within the exclusive jurisdiction of a federal district court, must be dismissed when it is removed to the district court by the defendant under 28 U.S.C. § 1441.'" (quoting 1986 U.S. Code Cong. & Admin. News, 1553 (quotation cleaned))).

Courts throughout the country have repeatedly confirmed that where the United States removes a case pursuant to section 1441(a), derivative jurisdiction does not apply or otherwise limit jurisdiction. *See, e.g.*, *Premier Med. LLC v. United States*, 2021 U.S. Dist. LEXIS 10432, *9 (W.D. La. Jan. 20, 2021) ("Because Defendants have identified two sources of authority for

5

removal – one which allows application of the derivative jurisdiction doctrine and one which does not – Defendants' derivative jurisdiction argument fails.  Even if the Court were to conclude that the derivative jurisdiction doctrine bars its exercise of jurisdiction pursuant to § 1442, the Court would not be prevented from exercising jurisdiction under § 1441."); *Bierman v. Comm'r of the SSA*, 2018 U.S. Dist. LEXIS 133167 (E.D. Wisc. Aug. 8, 2018 (denying motion to dismiss on derivative jurisdiction grounds because United States removed under both 28 U.S.C. §§ 1441 and 1442(a)); *Bloch v. Exec. Office of the President*, 164 F. Supp. 3d 841, 853 n.17 (E.D. Va. 2016) ("Because defendants removed Count IV, in part, based on § 1441(a), § 1441(f) confers subject matter jurisdiction."); *Brizendine*, 773 F. Supp. at 319-20 (rejecting the United States's argument that the abrogation of derivative jurisdiction does not apply to FTCA cases regardless of the basis of removal).  *See also Strychasz v. Maron Constr. Co.*, 2002 U.S. Dist. LEXIS 27339, *7-8 (D. Conn. July 16, 2022) ("In its notice of removal, the Government refers to and quotes 28 U.S.C. § 1441(a).  As the Government removed the present case pursuant to § 1441(a), § 1441(e) obviates the need to address the problem of derivative jurisdiction[.]").  Here, the United States removed this case under section 1441(a).  Therefore, derivative jurisdiction does not prevent the Court from exercising jurisdiction over the cross-claims.

Because the Notice of Removal was based on section 1441, the cases upon which the United States relies are distinguishable.  (*See* U.S. Br. at 8-9.)  Specifically, in none of those cases did the United States rely on section 1441 in removing the action.[1]  Accordingly, none of

---

[1]   *See G.T. v. Bronx Lebanon Hosp. Ctr.*, 2023 U.S. Dist. LEXIS 32328, at *2 (S.D.N.Y. Feb. 27, 2023) (removal under 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2)); *Spina v. Liu*, 541 F. Supp. 3d 426, 426 (S.D.N.Y. 2021) (removal under 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 2679(d)(2)); *Simmons v. United States*, 2020 U.S. Dist. LEXIS 108857, at *2 (E.D.N.Y. June 22, 2020) (removal under section 1442(a)(1)); *Kennedy v. Paul*, 2013 U.S. Dist. LEXIS 140985, at *8 (D. Conn. Sept. 30, 2013) (removal under 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2)); *A.Q.C. v. Bronx-Lebanon Hosp. Ctr.*, 2012 U.S. Dist. LEXIS 6773, at *5 (S.D.N.Y. Jan. 20, 2012) (removal under 28 U.S.C. §§ 1442(a)(1), 2679(d)(2) and 42 U.S.C. § 233(c)); *Barnaby v. Quintos*, 410 F. Supp. 2d 142, 143 (S.D.N.Y. 2005) (removal under 28 U.S.C. §§ 1442(a)(1), 2679(d)(2) and 42 U.S.C. § 233(c)); *Singleton v. Elrac, Inc.*, 2004 U.S. Dist. LEXIS 23269, at *2 (S.D.N.Y. Nov. 26, 2004 (removal was under section 1442(a)(1)).

6

these cases support dismissal of the cross-claims for lack of subject matter jurisdiction.

The doctrine of derivative jurisdiction also does not apply because the United States was not a party to the underlying case as an initial matter. When the case was initially filed, Deonarain was not a defendant; she was not named in Plaintiff's initial Complaint. The state court therefore undoubtedly had jurisdiction at that time. Because derivative jurisdiction looks to whether the state court has jurisdiction at the outset of the case, and the state court had jurisdiction at that time, derivative jurisdiction should not even apply in the first instance.

### B. The Court Still Has Subject Matter Jurisdiction Even If the Doctrine of Derivative Jurisdiction Applies

Nonetheless, in the unlikely event the Court concludes derivative jurisdiction applies to this action despite the express language of section 1441(f), the Court can still adjudicate this case because the state court was not divested of jurisdiction until the Attorney General certified that the federal employee herein was acting within the scope of her employment. *See Thompson v. Wheeler*, 898 F.2d 406, 409 n.2 (3d Cir. 1990) ("[F]ederal jurisdiction lies only after the Attorney General certifies that the federal driver was acting within the scope of his employment. The possibility that such certification might issue does not automatically divest a state court of subject matter jurisdiction. To the contrary, in enacting section 2679, Congress anticipated that suits initially would be brought in state court."). Therefore, under *Thompson* and *Zanghi v. Sisters of Charity Hosp. of Buffalo*, 2013 U.S. Dist. LEXIS 26044 (W.D.N.Y. Feb. 18, 2013), this Court can exercise jurisdiction even if the doctrine of derivative jurisdiction still applied. In

---

*Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346 (E.D.N.Y. 1999), is the exception but is distinguishable for a different reason. There, the United States was named as a third-party defendant and then removed the case under section 1441(a). A third-party defendant, however, cannot remove a case under section 1441(a) because section 1441(a) only applies when the case can be removed based on the plaintiff's complaint (as opposed to a third party complaint). *See Arrow Fin. Servs., LLC v. Massil*, 2009 U.S. Dist. LEXIS 10255, at *11-12 (E.D.N.Y. Feb. 9, 2009). Therefore, section 1441(a) could not provide a jurisdiction basis for the cross-claims in that case.

7

fact, the facts of *Zanghi* are similar to this case, and, if the Court reaches this question, the conclusion therein should compel the Court's conclusion now.

There, the plaintiffs brought an action against several defendants for medical malpractice in state court. Two of the defendants were "federal employees" under the FTCA. The United States removed the case and then moved to substitute it as the proper party for the federal employees and to dismiss the entire case for lack of subject matter jurisdiction. The plaintiffs conceded the court lacked subject matter jurisdiction with respect to their claims. Another defendant, however, opposed the motion to the extent the court would dismiss the cross-claims asserted against the federal government.

Ultimately, the court denied the motion to dismiss the cross-claims. As relevant here, the court recognized that the FTCA provides an exception to the well-pleaded complaint rule that subject matter jurisdiction be based solely on the allegations of the complaint. *See Zanghi*, 2013 U.S. Dist. LEXIS 26044, at *6 ("Indeed, provisions of the United States code that confer jurisdiction on federal courts where the United States is a party are exceptions to the well-pleaded complaint rule.") (cleaned up) (citing *Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006)); *Tomlin v. Pease*, 2014 U.S. Dist. LEXIS 46683, at *13 (E.D. Pa. Apr. 4, 2014) ("FTCA cross-claims must proceed in federal court regardless of whether the plaintiff has a claim pending against the United States.").

Further, the court found the doctrine of derivative jurisdiction inapplicable because the United States was not a named party when the action was initially filed in state court. *Zanghi*, 2023 U.S. Dist. LEXIS 26044, at *8-9. According to the court, the state court originally had jurisdiction over the action when it was first filed and was only divested of jurisdiction when the United States move for substitution in place of the two federal employees. Because the state

8

court initially had jurisdiction initially, the doctrine of derivative jurisdiction did not serve to destroy jurisdiction upon removal.  Finally, the court concluded that "if federal courts have jurisdiction over claims removed by federal officers as third parties, they also have jurisdiction over cases, like this one, where a third-party claim against the United States remains after the United States has been dismissed from the original complaint." *Id.*, 2013 U.S. Dist. LEXIS 26044, at *11-12.

So too in this case.  This Court possesses subject matter jurisdiction over this entire action because S&M has asserted cross-claims against the United States and its employee (as have the other answering Defendants, whether in state court before removal or in federal court after removal).  Therefore, this entire action should remain pending notwithstanding the dismissal of Plaintiff's claims against the United States.[2]

## II.      S&M's Cross-Claims Are Properly Pleaded

The United States also moves to dismiss S&M cross-claims (and the other Defendants' cross-claims) on the grounds they are inadequately pleaded.  (*See* U.S. Br. at 9-10.)  In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the complaint under the "two-pronged approach" articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  First, a claimant's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss.  *Id*. at 678; *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court

---

[2]     The alternative to maintaining this action before this Court would be the dismissal of the entire case in favor of it proceeding in state court.  If Plaintiff secures judgment against any of the Defendants, such Defendants would then bring a new action in this Court for contribution and/or indemnification against the United States.  Judicial economy would not be upheld by two serial litigations in two separate courts.  Rather, Plaintiff's claims and Defendants' cross-claims should all be adjudicated in one action before one court.

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556).

Although concise, S&M's cross-claims are sufficiently pleaded given the lack of information available to it before discovery. S&M is a defendant in this lawsuit. It completed its work at MacArthur Airport in 2011. It has had no opportunity to investigate this matter. In light of these facts, its cross-claims against the United States is sufficient to satisfy Rule 8. *See Shelton v. United States*, 2015 U.S. Dist. LEXIS 102215, at *13 (D. Md. Aug. 5, 2015) (denying motion to dismiss under Rule 12(b)(6) a cross-claim for contribution against the federal government where the cross-claim stated "Defendant . . . is entitled to recover by way of contribution and/or indemnity from [the federal government] . . . any sums which Plaintiff may recover from [Defendant], plus pre-judgment interest, post-judgment interest, attorneys' fees and to recover from [the federal government], the contributive share of any sum or sums of which he may be liable to the Plaintiff."); *see also Shelton v. NASA*, Case No. 8:14-cv-2031 (PWG) (D. Md.), Cross-Claim (Doc. No. 22) (Nov. 7, 2014). Just as the cross-claim for contribution in *Shelton* was sufficiently stated, so too are the cross-claims here.

10

Nonetheless, in the unlikely event the Court finds the cross-claims not sufficient, S&M respectfully requests leave to amend its cross-claims pursuant to Rule 15.[3]  Importantly, it was federal employee Deonarain who, despite Jakobs' direction, allegedly failed to turn the electricity off from the site at which Jakobs and Plaintiff were working.  In addition, S&M did not perform any work on that area of the Airport.  Accordingly, in the unlikely event a jury finds S&M liable, it is entitled to contribution from the United States.  *See Comer v. Titan Tool*, 888 F. Supp. 605, 609 (S.D.N.Y. 1995) ("The contribution policy of New York State favors shared responsibility between joint toftfeasors and is designed to promote fairness to the third party plaintiff instead of requiring that party to bear the entire cost of damages."); N.Y. CPLR § 1401 ("[T]wo or more persons who are subject to liability for damages for the same personal injury . . . may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.").  The fact that Plaintiff cannot maintain direct claims against the United States is irrelevant.  *See Raquet v. Braun*, 90 N.Y.2d 177, 183 (1997) (third parties "insulated from liability" based on "procedural bars and special defenses," not exempt from potential contribution claim); *Garrett v. Holiday Inns, Inc.*, 58 N.Y.2d 253 (1983) (contribution may lie against third party despite plaintiff's failure to join third-party as a defendant).

Similarly, because the United States – through its employee – allegedly had control over the electrical system that caused Plaintiff's injury and S&M undoubtedly did not, S&M is entitled to common law indemnification by the United States.  *See Bd. of Managers of Olive Park Condo. v. Maspeth Props., LLC*, 170 A.D.3d 645, 647 (App. Div. 2019) ("The party

---

[3]    In fact, in two of the cases relied upon by the United States, the courts granted the cross-claimant leave to amend a dismissed cross-claim.  *See Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*, 156 F. Supp. 3d 348, 361-362 (E.D.N.Y 2016); *Energy Brands, Inc. v. Jorgensen*, 2011 U.S. Dist. LEXIS 6937, *23 (W.D.N.Y. Jan. 25, 2011).

11

seeking indemnification must have delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought, and must not have committed actual wrongdoing itself.  Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious.") (quotation cleaned; citations omitted); *Konsky v. Escada Hair Salon, Inc.*, 113 A.D.3d 656, 657-58 (App. Div. 2014) ("The duty that forms the basis for the liability arises from the principle that every one is responsible for the consequences of his own negligence, and if another person has been compelled to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him.") (quotation cleaned).  As S&M can state claims for contribution and indemnification, it should be granted leave to replead in the event the Court grants the United States's motion to dismiss the cross-claims under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the United States's motion to dismiss should be denied in its entirety.

Dated: September 27, 2024
      White Plains, New York

                    **DENLEA & CARTON LLP**

By: _____
           Craig M. Cepler
           2 Westchester Park Drive, Suite 410
           White Plains, New York 10604
           Tel.: (914) 331-0100
           Fax: (914) 331-0105
           ccepler@denleacarton.com
           *Attorneys for Defendants Savik & Murray*
           *Consulting Engineers, PLLC, and Savik and*
           *Murray, LLP*