FILED
CLERK

1/24/2025 10:19 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GINO FIERMONTE,

                                Plaintiff,

          -against-


AIRPORT DESIGN CONSULTANTS, INC.,
BURNS ENGINEERING, INC., SAVIK &
MURRAY, CONSULTING ENGINEERS, PLLC,
SAVIK, MURRAY & AURORA CONSTRUCTION
MANAGEMENT CO., LLC, SAVIK AND
MURRAY, LLP, LONG ISLAND POWER
AUTHORITY, TOWN OF ISLIP, JOHNSON,
KUKATA & LUCHESSI, P.C. and VASHTI
DEONARIAN,

                            Defendant.

-----------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
CV 24-2749 (GRB)(SIL)

**GARY R. BROWN, United States District Judge:**

In this action involving personal injury suffered by plaintiff Gino Fiermonte, the Court previously dismissed claims by plaintiff as against Vashti Deonarian, an employee of the Federal Aviation Administration ("FAA") acting within the scope of her employment, based on plaintiff's failure to timely file a complaint after the exhaustion of administrative remedies under the Federal Tort Claims Act.  Before the Court is a motion to dismiss remaining cross-claims for contribution and indemnification against the United States brought by co-defendants herein based upon a purported absence of subject matter jurisdiction.  The seemingly incidental citation of 28 U.S.C.§ 1441(a) in the Government's notice of removal creates an issue requiring examination in an otherwise straightforward matter.

*Factual Background*

On November 10, 2022, plaintiff commenced this action in Suffolk County Supreme Court.  Docket Entry "DE" 56 at 5.  In an amended complaint, filed on February 12, 2024, plaintiff alleges that, as a Town of Islip employee at Long Island MacArthur Airport, he sustained an electrocution-related injury while repairing a lighted sign on September 8, 2021. *See* DE 1-1.  Tragically, a coworker working with Fiermonte was killed during this incident. While the amended complaint charges negligence against individuals and entities that designed, owned and/or operated the related electrical grid and systems, most notably for these purposes, it alleges that Vashti Deonarian, an air traffic controller employed by the FAA, acting within the scope of her employment, failed to fully de-energize the lights being repaired by plaintiff.  *Id*. ¶¶ 98-105, 605-33.  On April 12, 2024, the United States removed the state court action to this Court.  *See* DE 1.

Following removal, the defendants filed answers to the amended complaint, asserting cross-claims for contribution and indemnification against all codefendants, including Deonarain. The United States commenced motion practice seeking dismissal of Fiermonte's complaint based on the doctrine of derivative jurisdiction.  DE 16.  Specifically, the United States argued that plaintiff failed to timely file a complaint after exhaustion of his administrative remedies under the Federal Tort Claims Act.  *Id.* at 1. Plaintiff had filed an administrative tort claim with the FAA on April 3, 2023, which was rejected by a mailing dated September 28, 2023.  *Id.*  This rejection commenced a six-month period under 28 U.S.C. § 2671; as plaintiff failed to file the amended complaint until after the expiration of that period, the Court granted the motion to dismiss the claims against Deonarain for lack of subject matter jurisdiction based on the late filing, as well as on the doctrine of derivative jurisdiction.  DE 59-1 at 22-24.

Following that dismissal of plaintiff's action, the remaining parties briefed the question of whether the cross-claims by defendants against the United States are subject to dismissal under the doctrine of derivative jurisdiction.  For the reasons set forth below, the Court finds that the cross-claims are subject to dismissal without prejudice.

### Discussion

#### Standard of Review

The oft-repeated and well-understood standard of review for a motion to dismiss under Rule 12(b)(6) has changed little from the first decade of this century, when the Supreme Court issued its decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007).[1]  In short, assuming the pending allegations to be true and drawing inferences in favor of the non-movant, the factual matter asserted must contain cross-claims that are facially plausible.

#### Derivative Jurisdiction

Traditionally, upon removal, a case brought against the United States or one of its officers was subject to dismissal based on the doctrine of derivative jurisdiction.  Describing this principle as "the anomalous doctrine of derivative jurisdiction," the Second Circuit explained:

> Since a district court's jurisdiction is derivative in a removal context, a district court must dismiss a complaint if the state court from which the case was removed lacked jurisdiction.  This result obtains even if the reason the state court lacked jurisdiction is that the complaint lies within the exclusive jurisdiction of the federal courts.

*Nordlicht v. New York Tel. Co.*, 799 F.2d 859, 863 (2d Cir. 1986) (*abrogated on other grounds*).

Assuming it applies, the doctrine requires dismissal based on the absence of state court

---

[1] For further detail, the undersigned recommends a recent thorough and nuanced reiteration of this standard by my learned colleague Judge Scarcella, whose discussion is incorporated by reference herein.  *See In re Molina*, 657 B.R. 172, 181 (Bankr. E.D.N.Y. 2023)

jurisdiction over the original claims.

The doctrine of derivative jurisdiction has been criticized by some courts and commentators and curtailed by Congress. As the Circuit observed:

> Congress has recently abolished the doctrine of derivative jurisdiction for claims in civil actions filed in state courts after June 19, 1986. *See* Judicial Improvements Act of 1985, Pub. L. No. 99–336, § 3, 100 Stat. 633, 637 (1986) (adding new subsection (e) to 28 U.S.C. § 1441).

*Id.* That amendment, designated as 28 U.S.C. 1441(e), originally provided:

> The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

Judicial Improvements Act of 1985, Pub.L. 99–336 § 3, 100 Stat. 633. As that subsection is found in 28 U.S.C. § 1441, but not in § 1442, which covers actions against federal officers and agencies, the Government argues that derivative jurisdiction requires dismissal.

Some early decisions, most notably the Eighth Circuit's opinion in *State of N.D. v. Fredericks*, 940 F.2d 333, 336 (8th Cir. 1991), suggested otherwise. In that case, the Eighth Circuit, characterizing the derivative jurisdiction doctrine as "a judicial gloss … never based upon anything explicit in the removal statutes" held that "the policy of Congress underlying new § 1441(e) supports the complete abandonment of the derivative-jurisdiction theory, even though the words of the statute clearly do not reach this far." *Id.* at 337 (applying Congress's amendment of § 1441 to a foreclosure proceeding against the United States removed under § 1444). Other courts disagreed. *See, e.g.*, *Edwards v. United States Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (holding that the derivative jurisdiction doctrine continued to apply to suits removed under § 1442). Then, "any ambiguity about the endurance of the derivative jurisdiction doctrine as applied to removals under § 1442 was eliminated when Congress amended § 1441 in 2002 to add the words 'removed under this section.'" *Lopez v. Sentrillon*

4

*Corp.*, 749 F.3d 347, 350 (5th Cir. 2014), *as revised* (Apr. 28, 2014).

The enactment of 28 U.S.C. § 1441(f) expressly limits the abolition of the derivative jurisdiction doctrine to actions removed under § 1441. Thus, the doctrine remains viable as to actions, such as the instant matter, brought against federal officers. Indeed, a number of factually similar cross-claims removed under § 1442 have been dismissed on these grounds. *See, e.g.*, *Simmons v. United States*, No. 20-CV-648(RPK)(RML), 2020 WL 3430514, at *1 (E.D.N.Y. June 22, 2020). As Judge Kovner observed:

> Congress altered the ordinary derivative-jurisdictional rule for cases removed to federal court under one statutory section—28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.") (emphasis added). But this case was removed under a different provision—28 U.S.C. § 1442—which contains no similar language. Accordingly, as courts in this circuit have consistently recognized, the ordinary rule of derivative jurisdiction remains applicable to removals under Section 1442. *See Mooney v. G.A.C. Realty Corp.*, No. 14-CV-6207-FPG, 2015 WL 1010486, at *3 (W.D.N.Y. Mar. 5, 2015) (collecting cases).

*Id.* at 2 n.1.

In this case, though, there is a potential fly in the ointment: in its Notice of Removal, the United States nominally lists both sections 1441(a) and 1442(a)(1) as bases for removal. DE 1 ¶ 8. Defendants argue that this invocation of § 1441(a) by the United States Attorney gives effect to the provisions of §1441(f) thereby defeating the defense of derivative jurisdiction in this matter. While offering some surface appeal, the argument ultimately fails. First, the Notice of Removal provides a single citation to 1441(a), without quotation or characterization of the statute's language. *Compare Strychasz v. Maron Const. Co.*, 01-CV-2063(PCD), 2002 WL 32500874, at *2 (D. Conn. July 16, 2002) ("In its notice of removal, the Government refers to *and quotes* 28 U.S.C. § 1441(a).") (emphasis added). For example, the Notice of Removal does

not use the phrase "original jurisdiction" as found in § 1441. Further, all of the substantive assertions in the Notice of Removal support removal under § 1442(a)(1), rendering the intention of the notice plain. *See* DE 1 ¶¶ 3-6 (describing defendant as an FAA employee, acting in the scope of her employment). The Court finds the passing incidental reference to §1441(a) in a string citation to be without force and effect in these circumstances.

Defendants' remaining objections to the applicability of doctrine of derivative jurisdiction are without merit. Thus, the motion of the United States is granted, and the cross-claims are dismissed.[2]

### *Conclusion*

Based on the foregoing, plaintiff's claims against the United States and the cross-claims against the United States are dismissed. The balance of the case is remanded to the state court. The Clerk of the Court is directed to return the file to the state court and close the matter.

**SO ORDERED.**

Dated: Central Islip, New York
        January 24, 2025

/s/ Gary R. Brown_____
HONORABLE GARY R. BROWN
UNITED STATES DISTRICT JUDGE

---

[2] Of course, this dismissal is without prejudice to defendants' rights to file a separate action for contribution and/or indemnity. The question of whether such claims would be ripe prior to a judgment in the state court action is not before the Court. *See Pall v. KPMG, LLP*, No. 03-CV-842(AWT), 2006 WL 2800064, at *3 (D. Conn. Sept. 29, 2006) ("because the plaintiff is attempting to bring a contribution claim which is contingent upon a finding of liability in the related actions, the injury (and availability of a contribution claim) depends upon the results in the related actions, making the contribution claim not ripe").