UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

GINO FIERMONTE,                                              Civil Action No.
                                                            CV-24-2749
                              Plaintiff,

                                                            (Brown, J.)
          -against-                                         (Locke, M.J.)

UNITED STATES OF AMERICA,

                              Defendant
_____X

## UNITED STATE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
Attorney for the United States
610 Federal Plaza, 5th Floor
Central Islip, NY 11722-4454

Diane C. Leonardo
Assistant United States Attorney,
          Of counsel

Service date: May 29, 2026

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.....................................................................................................ii

PRELIMINARY STATEMENT......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 1

      A.      The Administrative Claim............................................................................ 1

      B.      Proceedings in the State Court.................................................................... 2

ARGUMENT ..................................................................................................................... 3

      A.      Standard of Review..................................................................................... 3

      B.      The FTCA and Exhaustion Requirements ................................................. 4

POINT I ............................................................................................................................. 5

      THE AMENDED COMPLAINT WAS FILED WITHOUT LEAVE OF THE COURT AND IS A LEGAL NULLITY.................................................................................. 5

POINT II ............................................................................................................................ 6

      THE FILING OF A COMPLAINT IN STATE COURT DOES NOT TOLL THE EXHAUSTION REQUIREMENTS OF THE FTCA......................................................... 6

POINT III.......................................................................................................................... 10

      PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING .................................... 10

CONCLUSION................................................................................................................. 12

## TABLE OF AUTHORITIES

### Federal Cases

Abiuso v. Donahoe,
  No. 12-CV-1713, 2015 US Dist. LEXIS 71880 (E.D.N.Y. June 3, 2015) .................................. 3

Arriaga v. United States Border Patrol,
  No. 09-CV-595, 2009 U.S. Dist. LEXIS 146395 (Ca SD October 17, 2009) ........................... 9

Bolarinwa v. Williams,
  593 F.3d 226 (2d Cir. 2010) ................................................................................................... 11

Boos v. Runyon,
  201 F.3d 178 (2d Cir. 2000) .............................................................................................. 10, 11

Brownback v. King,
  592 U.S. 209 (2021) ............................................................................................................... 4, 6

Celestine v. Mount Vernon Neighborhood Health Cntr.,
  403 F.3d 76 (2d Cir. 2005) ..................................................................................................... 9, 10

Credit Suisse Sec. (USA) LLC v. Simmonds,
  566 U.S. 221 (2012) ................................................................................................................ 10

Dillon v. Conway,
  642 F.3d 358 (2d Cir. 2011) .................................................................................................... 10

Fiermonte v. Airport Design Consultants, Inc.,
  No.24-CV-2749, 2025 U.S. Dist. LEXIS 13072 (E.D.N.Y. January 24, 2025) ......................... 1

Fiermonte v. Deonarain,
  No. 25-357-CV, 2026 U.S. App. LEXIS 6338 (2d Cir. Mar. 4, 2026) ....................................... 1

G.T. v. Castillo,
  No. 22-CV-5129, 2022 U.S. Dist. LEXIS 229931 (S.D.N.Y. December 21, 2022) ................... 9

Hall v. United States,
  No. 19-CV 0096, 2019 WL 4858375 (N.D. Ind. Oct. 1, 2019) ................................................ 11

Henderson v. United States,
  785 F.2d 121 (4th Cir. 1986) .................................................................................................... 7, 8

Holland v. Florida,
  560 U.S. 631 (2010) ............................................................................................................. 10, 11

Houston v. U.S. Postal Serv.,
  823 F.2d 896 (5th Cir. 1987) .................................................................................................... 7, 8

In re Merrill Lynch & Co.,
    273 F.Supp.2d 351 (S.D.N.Y.2003) ........................................................................... 3

Kelley v. United States,
    568 F.2d 259 (2d Cir. 1978) ....................................................................................... 9

Khan v. United States,
    271 F. Supp. 2d 409 (E.D.N.Y. 2003) ....................................................................... 3

McGowan v. Williams,
    623 F.2d 1239 (7th Cir. 1980) ................................................................................ 7, 8

Meeker v. United States,
    435 F.2d 1219 (8th Circuit 1970) ............................................................................... 8

Pace v. DiGugliemlo,
    544 U.S. 408 (2005) ................................................................................................. 10

Palmer-Williams,
    2016 WL 676465 ..................................................................................................... 11

Perez v. Hawk,
    302 F. Supp. 2d 9 (E.D.N.Y. 2004) ........................................................................... 3

Pryce v. UnitedStates,
    No. 21 Civ. 1698, 2022WL 3155842 (S.D.N.Y. Aug. 8, 2022) ............................... 11

Samuels v. Air Transp. Local 504,
    992 F.2d 12 (2d Cir. 1993) ......................................................................................... 3

Simmons v. Brown,
    No. 08-cv-1425 JFB, 2011 WL 2133844 (E.D.N.Y. May 26, 2011) ....................... 10

Staple v. United States,
    740 F.2d 766 (9th Cir. 1984) .................................................................................. 7, 9

Tarshis v. Riese Org.,
    211 F.3d 30 (2d Cir. 2000) ......................................................................................... 3

Torres v. United States,
    612 Fed. Appx. 37 (2d Cir. 2015) .............................................................................. 3

United States v. Kwai Fun Wong,
    575 U.S. 402 (2015) .......................................................................................... passim

United States v. Smith,
    499 U.S. 160 (1991) ................................................................................................... 4

**State Cases**

Bodkin v. 112 Auto. Ctr., Inc.,
   214 A.D.3d 620 (2d Dept March 1, 2023)..................................................................... 5

Braylovskaya v. Skazka Rest.,
   231 A.D. 3d 700 (2d Dep't October 2, 2024) ............................................................... 5

Dauernheim v. Lendlease Cars,
   202 A.D. 2d 624 (2d Dep't 1994)................................................................................. 5

Nikolic v. Fed'n Emp't & Guidance Serv.,
   795 N.Y.S.2d 303 (2d Dep't 2005)............................................................................... 5

**Federal Statutes**

28 U.S.C. § 1346.................................................................................................................. 4, 6, 7

28 U.S.C. § 1346(b)............................................................................................................... 2, 4, 8

28 U.S.C. § 2401.................................................................................................................... 1

28 U.S.C. § 2401(b)............................................................................................................... 5, 6, 7, 8

28 U.S.C. § 2671.................................................................................................................... 8

28 U.S.C. § 2675(a) .............................................................................................................. 4

**Federal Rules**

Fed. R. Civ. P. 12................................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 3

**State Rules**

CPLR § 3025(b)..................................................................................................................... 5

CPLR § 1003.......................................................................................................................... 5

iv

## PRELIMINARY STATEMENT

Defendant the United States of America ("Defendant" or "United States") respectfully submits this memorandum of law in support of its motion to dismiss the amended complaint of Plaintiff Gino Fiermonte ("Plaintiff") pursuant to Fed. R. Civ. P. 12 (b)(6). The Court previously granted the United States' motion to dismiss. Docket Entry ("DE") dated July 25, 2024. Plaintiff appealed.  After briefing and oral argument, the Court of Appeals for the Second Circuit remanded the case to the district court for further consideration of the requirements of 28 U.S.C. § 2401 (b) due to "the divided authority and limited briefing on this issue…" Fiermonte v. Deonarain, No. 25-357-CV, 2026 U.S. App. LEXIS 6338, at *9 (2d Cir. Mar. 4, 2026) (the "Remand Order").[1] The Remand Order also directed that should the district court find that Plaintiff failed to timely exhaust administrative remedies that it "shall consider whether [Plaintiff] qualifies for equitable tolling." Id. at *10.

## STATEMENT OF FACTS

**A.      The Administrative Claim**

Plaintiff filed an administrative claim with the Federal Aviation Administration ("FAA"), alleging, in part, FAA employees were negligent in deenergizing the airfield in the area where he and a co-worker had been assigned by their employer, the Town of Islip, to perform work. See Declaration of Diane C. Leonardo, dated May 29, 2026 ("Leonardo Dec."), Exhibit A. On September 29, 2023, the FAA denied the administrative claim by letter sent by certified mail to Plaintiff's counsel. Id. at Exhibit B. The denial letter specifically described the procedure for Plaintiff to follow: "If you are dissatisfied with this determination, you may initiate action in an

---

[1] In a separate memorandum and order, the Court dismissed the cross-claims of third party defendants and remanded that portion of the case back to the state court. Fiermonte v. Airport Design Consultants, Inc., No. 24-CV-2749, 2025 U.S. Dist. LEXIS 13072 (E.D.N.Y. January 24, 2025). The third-party defendants did not appeal that decision.

appropriate United States District Court, pursuant to the provisions of the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§ 1346(b) and 2671, et seq., not later than 6 months after the date of mailing of this notification."

**B.      Proceedings in the State Court**

On November 10, 2022, Plaintiff filed a summons and complaint in the New York State Supreme Court, Suffolk County against three defendants and alleged negligence stemming from a September 8, 2021 incident at Long Island MacArthur Airport that allegedly caused injuries to Plaintiff. See Index No. 205623/2022 (New York State Supreme Court, Suffolk County) at Document #1. Plaintiff thereafter filed an amended complaint naming Defendant's employee and alleged that she was negligent while acting within the scope of her employment with the FAA. Id at Document # 45 at ¶¶ 98-105.  The amended complaint was filed without leave of the state court and notices of rejection were filed by the original defendants. Id., for e.g., Document #54-56

Upon learning of the amended complaint from the FAA, an Assistant United States Attorney ("AUSA") from the United States Attorney's Office for the Eastern District of New York contacted Plaintiff's counsel by email dated March 6, 2024 and requested that Plaintiff agree to voluntarily dismiss Defendant from the state court action since "claims such as this can only be brought in federal court under the FTCA against the United States. 28 U.S.C. § 2679 (d)(1)." Leonardo Dec., Exhibit C.  After Plaintiff failed to voluntarily remove or dismiss the case against the individual FAA employee, Defendant removed the matter by notice dated April 12, 2024. As the Court is aware the parties engaged in motion practice and oral arguments. After this Court dismissed the action, Plaintiff appealed.

2

**ARGUMENT**

**A.      Standard of Review**

In United States v. Kwai Fun Wong, 575 U.S. 402 (2015), the United States Supreme Court held that the FTCA's time limits are nonjurisdictional, and dismissal for failure to timely file an administrative claim must be considered under  Fed. R. Civ. P. 12(b)(6).  See, e.g., Torres v. United States, 612 Fed. Appx. 37, 41 (2d Cir. 2015) ("[A]lthough the district court was correct that the statute of limitations bars Torres's FTCA claim, that conclusion requires a dismissal on substantive, not jurisdictional, grounds.").

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  See Perez v. Hawk, 302 F. Supp. 2d 9, 16 (E.D.N.Y. 2004) (Spatt, J.)(citing Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000)); Khan v. United States, 271 F. Supp. 2d 409, 412 (E.D.N.Y. 2003).

In adjudicating a motion to dismiss, the Court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." Abiuso v. Donahoe, No. 12-CV-1713 (JFB)(AKT), 2015 US Dist LEXIS 71880, at *7 (E.D.N.Y. June 3, 2015) (quoting In re Merrill Lynch & Co., 273 F.Supp.2d 351, 356–57 (S.D.N.Y.2003)); see also Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d

3

Cir. 1993) (in deciding a motion to dismiss, a Court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken.").

**B.      The FTCA and Exhaustion Requirements**

The FTCA provides a limited waiver of the sovereign immunity of the United States for certain torts. See 28 U.S.C. §§ 1346(b), 2671-2680.  The FTCA is the exclusive remedy available to the plaintiff for wrongful acts or omissions committed by a federal employee within the scope of employment.  See United States v. Smith, 499 U.S. 160, 165-66 (1991). The FTCA commands that: "an action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a) (emphasis added). The Supreme Court has clearly stated that the FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues; and then brought to federal court 'within six months' after the agency acts on the claim." Kwai Fun Wong, 135 S. Ct. at 1629 (quoting 28 U.S.C. § 2401(b)).

Pursuant to 28 U.S.C. § 1346 (b), "the district courts… shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages…for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See also Brownback v. King, 592 U.S. 209, 212 (2021)("Plaintiffs were (and are) required to bring claims under the FTCA in **federal district court.**")(emphasis supplied). The FTCA further provides that a "tort

4

claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues and **then brought to federal court** within six months after the agency acts on the claim. 28 U.S.C. §2401(b)." Kwai Fun Wong, 575 U.S. at 405 (internal quotation marks omitted)(emphasis supplied).

**POINT I**

**THE AMENDED COMPLAINT WAS FILED WITHOUT LEAVE OF THE COURT AND IS A LEGAL NULLITY**

On February 12, 2024, Plaintiff filed an amended state court complaint naming, for the first time, the FAA employee and alleged to be negligent while acting within the scope of her duties. See Index No. 205623/2022 (NYS Supreme Court, Suffolk County) at Document 45.

Plaintiff, however, never sought the permission of the state court to amend the complaint to add a new defendant. In failing to comply with New York State CPLR §§ 1003 and 3025, it is well settled that such a failure renders the amended complaint "a legal nullity warranting dismissal of the amended complaint insofar as asserted against the moving defendants for lack of personal jurisdiction." See Bodkin v. 112 Auto. Ctr., Inc., 214 A.D.3d 620, 622 (2d Dept March 1, 2023); see also Nikolic v. Fed'n Emp't & Guidance Serv., 795 N.Y.S.2d 303 (2d Dep't 2005) (holding that "plaintiff's service of the amended summons and complaint was a nullity since he served these papers without leave of court or a stipulation of the parties in accordance with CPLR 3025(b)"); Dauernheim v. Lendlease Cars, 202 A.D. 2d 624, 625 (2d Dep't 1994) (holding that the "failure to obtain court approval rendered the plaintiff's amended complaint a legal nullity"); Braylovskaya v. Skazka Rest., 231 A.D. 3d 700, 701 (2d Dep't October 2, 2024)("A plaintiff's failure to comply with CPLR 1003 when attempting to add a new defendant is a jurisdictional defect, and an amended complaint that is not filed in accordance with CPLR 1003

5

and 3025 is a legal nullity."); see Index No. 205623/2022 (NYS Supreme Court, Suffolk County).

As such, the amended complaint is legal nullity and cannot form the basis of a complaint as to the federal employee acting within the course of her employment.

## POINT II

### THE FILING OF A COMPLAINT IN STATE COURT DOES NOT TOLL THE EXHAUSTION REQUIREMENTS OF THE FTCA

In the Remand Order, the Second Circuit noted that the FTCA "is silent on whether the action must be filed in federal court or, alternatively, whether a complaint initially filed in state court within the six-month time period and then later removed to federal court—as was the case here—may nonetheless satisfy Section 2401(b)." Fiermonte, 2026 U.S. App. LEXIS 6338, *8-9.

Respectfully, while the statute may not define court as "federal" court, precedent from the United States Supreme Court forecloses any suggestion that a plaintiff may bring a suit in state court and still meet the exhaustion requirements of the FTCA. Indeed, the Supreme Court has unequivocally stated that Plaintiffs are required to bring FTCA claims in federal district court (Brownback, 592 U.S. at 212) and that a "tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues and **then brought to federal court** within six months after the agency acts on the claim. 28 U.S.C. §2401(b)." Kwai Fun Wong, 575 U.S. at 405 (internal quotation marks omitted) (emphasis supplied).  Further, 28 U.S.C. § 1346 (b)(1) vests exclusive jurisdiction in the district court "of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private

6

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The FTCA must be read in conjunction with 28 U.S.C. § 1346 and jurisdiction may only lie in the federal district court.

In addition, there is no doubt that Plaintiff knew he was proceeding pursuant to the FTCA and was required to file his complaint against the United States and in federal court. The SF-95, that commences the administrative process, was completed by Plaintiff, and specifically refers to the FTCA. Leonardo Dec., Exhibit A at p. 4. The denial letter sent to Plaintiff's counsel provided counsel with, *inter alia*, the requirements to file a complaint in the United States District Court "pursuant to the provisions of the" FTCA. Id. at Exhibit B. Finally, an AUSA emailed Plaintiff's counsel to explain that the claims could only be brought in federal court under the FTCA. Id. at Exhibit C.  Accordingly, there is no question that, under the circumstances of this case, a complaint could only have been filed in the federal district court.

The Remand Order also directed that the district court consider conflicting appellate court positions. In Houston v. U.S. Postal Serv., 823 F.2d 896, 903 (5th Cir. 1987) and Henderson v. United States, 785 F.2d 121, 126 (4th Cir. 1986) the Fifth and Fourth Circuits held that a state court suit does not "toll[] the [FTCA's] six-month limitations period" because "state courts have no jurisdiction to hear even properly exhausted tort claims against the United States." See Fiermonte, 2026 U.S. App. LEXIS 6338, *9.  The Remand Order also noted that the Seventh and Ninth Circuits in McGowan v. Williams, 623 F.2d 1239, 1244 (7th Cir. 1980) and Staple v. United States, 740 F.2d 766, 769-70 (9th Cir. 1984) held  that "an action brought against a federal [defendant] in state court within the [six month] time limitation of 28 U.S.C. § 2401(b) is timely for purposes of the Federal Tort Claims Act when the action is removed to federal court." Id. All these cases pre-date the Supreme Court holdings in Brownback and Kwai Fun Wong that

7

unequivocally require that the complaint be filed in federal court to comply with 28 U.S.C. § 2401(b).

In <u>Houston</u>, 823 F.2d at 903, the Fifth Circuit clearly held that "state courts have no jurisdiction to hear even properly exhausted tort claims against the United States. 28 U.S.C. § 1346(b) (vesting exclusive jurisdiction over FTCA cases in the federal courts"). The court in Houston also rejected the decisions in "<u>Staple</u> and <u>Kelley</u> insofar as they permit a plaintiff who knows or should know that the negligent driver was a government employee to circumvent the FTCA's administrative exhaustion requirement by filing a state suit against only the driver." <u>Id</u>. at p. 901. In <u>Henderson</u>, 785 F.2d 121, 126 (4th Cir. 1986) the Fourth Circuit held "the filing of appellants' suits in state court did not satisfy the requirement of filing an administrative claim with the appropriate government agency." In addition to the Fourth and Fifth Circuits, in <u>Meeker v. United States</u>, 435 F.2d 1219, 1222 (8th Circuit 1970) the Eighth Circuit agreed that an "appellant's claim, which concededly had its origin in the negligence of a Government employee who was acting within the scope of his employment, could not be removed from the ambit of 28 U.S.C. § 2671 et seq., (Federal Tort Claims Act), and particularly the exhaustion requirement of § 2675(a), by the filing of a suit against the employee in a state court."[2]

The holding in <u>McGowan</u>, 623 F2.d at 1244, was designed to prevent the "unfortunate result of the district court's ruling that a plaintiff who first initiates suit in state court is without any remedy at all if removal is not effected until after the federal statute of limitations has run."

---

[2] The FTCA contemplates two limitations periods: 1) an administrative claim must be filed within two years after such claim accrues; and 2) " then brought to federal court 'within six months' after the agency acts on the claim." <u>Kwai Fun Wong</u>, 135 S. Ct. at 1629 (quoting 28 U.S.C. § 2401(b)).

However, McGowan is inapposite. As discussed above, Plaintiff was aware he was required to file his complaint in the federal district court.

The holding in Staple, 740 F.2d at 769-70, has been specifically rejected by at least one court in this Circuit. "Staple does not accurately state the law in this Circuit." G.T. v. Castillo, No. 22-CV-5129, 2022 U.S. Dist. LEXIS 229931, *22-23 (S.D.N.Y. December 21, 2022)(Liman, J.)("The predicates for the Kelley decision (and Staple after it)—the concern that a plaintiff would unwittingly be deprived of a remedy if she did not know the defendant was a federal employee acting within the scope of his employment and that it would be rare for a plaintiff to file both an administrative claim and a later precautionary state court lawsuit against the employee individually—were not sufficient to overcome the force of the Westfall Act.")

The holding in Staple was also rejected in Arriaga v. United States Border Patrol, No. 09-CV-595, 2009 U.S. Dist. LEXIS 146395, *7-8 (Ca SD October 17, 2009) ("The first thing [plaintiff] did was file an administrative claim, and when it was denied he was put on notice that he had six months to file a federal action. The Defendants are right: Prior to filing suit in state court, Plaintiff had a clear understanding that a federal actor was involved and FTCA requirements were in play… Unlike the plaintiff in Staple, Arriaga wasn't in state court out of ignorance in the first instance, and that is grounds to distinguish Staple from this case.")(internal citations and quotation omitted). Here, Plaintiff also had a clear understanding that a federal actor was involved and FTCA requirements were in play.

The Remand Order also noted that the district court "may consider whether the reasoning of Kelley v. United States, 568 F.2d 259 (2d Cir. 1978), applies here, or whether the Westfall Act renders it unnecessary." Fiermonte, 2026 U.S. App. LEXIS 6338, *9 (citing Celestine v. Mount

9

Vernon Neighborhood Health Cntr., 403 F.3d 76, 83 (2d Cir. 2005) ("Given this and other like possibilities, we cannot say that Kelley has been entirely superseded by the Westfall Act.").

The decision in Kelley would only apply in those circumstances, not found here, where a plaintiff was unaware that the defendant was a federal employee acting within the scope of employment. See Celestine, 403 F. 3d 84 ("To the extent that federal-state disparities in statutes of limitations yield results -- akin to the pre-Westfall Act exhaustion prerequisites -- in FTCA suits brought originally in state court by plaintiffs who were unaware that the named tortfeasor was acting as an agent of the United States, the reasoning of Kelley perdures, and that reasoning may well require equitable tolling.").

## POINT III

### PLAINTIFF IS NOT ENTITLED TO EQUITABLE TOLLING

"The FTCA's time bars are non-jurisdictional, however, and therefore subject to equitable tolling." Kwai Fun Wong, 575 U.S. at 412. It is Plaintiff's burden to "demonstrate the appropriateness of equitable tolling." Boos v. Runyon, 201 F.3d 178, 184 (2d Cir. 2000). The "Second Circuit has '[a]s a general matter . . . set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling.'" Simmons v. Brown, No. 08-cv-1425 JFB, 2011 WL 2133844, at *8 (E.D.N.Y. May 26, 2011) (Bianco, J.) (quoting Dillon v. Conway, 642 F.3d 358 (2d Cir. 2011)). Equitable tolling applies only in rare and exceptional circumstances where a plaintiff demonstrates both: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGugliemlo, 544 U.S. 408, 418 (2005)); Credit Suisse Sec. (USA) LLC v. Simmonds, 566 U.S. 221, 227 (2012).

. Generally, to establish the second prong required for equitable tolling, a plaintiff must show that he was effectively incapacitated, either mentally or physically, such that she was not

10

able to understand or pursue his rights. <u>See Bolarinwa v. Williams</u>, 593 F.3d 226, 232 (2d Cir. 2010) ("The burden of demonstrating the appropriateness of equitable tolling . . . lies with the plaintiff; in order to carry this burden, she must offer a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.'" (quoting <u>Boos v. Runyon,</u> 201 F.3d 178, 185 (2d Cir. 2000)).

Moreover, courts have held that, "equitable tolling is less appropriate for a claimant represented by counsel." <u>Palmer-Williams</u>, 2016 WL 676465 at *8 (citations omitted). Thus, for Plaintiff, who is represented by counsel, to "satisfy [his] burden, it is incumbent upon the plaintiff to 'show that [his] lawyers were reasonably diligent in determining '. . . what, if any, restrictions on the time and forum for bringing such a claim might exist.'" <u>Pryce v. United States</u>, No. 21 Civ. 1698, 2022 WL 3155842, at *6 (S.D.N.Y. Aug. 8, 2022). Attorney error or misunderstanding of the law does not justify equitable tolling. <u>See Holland</u>, 560 U.S. at 651 ("We have previously held that 'a garden variety claim of excusable neglect' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling").

Here, Plaintiff was aware of the proper procedures to follow to initiate the suit against the United States: 1) he properly filed the administrative claim within two years of the accrual of the claim (Exhibit ); 2) he was notified by the FAA of the proper procedure for filing a complaint (Exhibit ); and 3) after improperly filing in the state court, he was again notified, within the six month period, of the proper procedure for filing a complaint, which he chose to ignore. Plaintiff had ample time to file his complaint both after the denial letter and again being warned that the case could only be filed in federal court against the United States.  Under these circumstances, equitable tolling is not available to Plaintiff.  <u>See Hall v. United States</u>, No. 19-CV 0096, 2019

WL 4858375, at *4 (N.D. Ind. Oct. 1, 2019)("Here, as the Government points out, the Plaintiffs offer no explanation whatsoever as to why they ignored the instructions in the denial notice, filed suit in state court and named an improper party defendant.")

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss all of the claims asserted in this action against defendant, with prejudice, and grant such other and further relief that the Court deems just and proper.

Dated: Central Islip, New York
  May 29, 2026
'

               Respectfully submitted,

               JOSEPH NOCELLA, JR.
               UNITED STATES ATTORNEY
               Attorney for Defendant
               610 Federal Plaza
               Central Islip, New York 11722

       By:  /s/ Diane C. Leonardo
          Diane C. Leonardo
          Assistant United States Attorney
          (631) 715-7854
          diane.beckmann@usdoj.gov