UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

GINO FIERMONTE,

                    Plaintiff,

      -against-

UNITED STATES OF AMERICA,

                    Defendant

_____X

Civil Action No.
CV-24-2749

(Brown, J.)
(Locke, M.J.)

## UNITED STATE'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York
Attorney for the United States
610 Federal Plaza, 5th Floor
Central Islip, NY 11722-4454

Diane C. Leonardo
Assistant United States Attorney,
     Of counsel

July 10, 2026

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

    I.      The FTCA Requires the Filing of an Action in Federal Court .......................... 1

    II.     Plaintiff Is Not Entitled to Equitable Tolling ...................................................... 6

    III.    The Amended Complaint Is A Nullity ................................................................. 8

CONCLUSION ............................................................................................................................ 10

## **TABLE OF AUTHORITIES**

### **Federal Cases**

A.Q.C. ex rel. Castillo v. United States,
56 F.3d 135 (2d Cir. 2011)............................................................................................... 6

Brownback v. King,
92 U.S. 209 (2021)........................................................................................................... 3

Cooke v. United States,
18 F.3d 77 (2d Cir. 2019) ................................................................................................ 1

FAA v. Cooper,
566 U.S. 284 (2012)......................................................................................................... 3

Holland v. Florida,
60 U.S. 631 (2010)........................................................................................................... 7

Ins. Co. v. United States,
2014 U.S. Dist. LEXIS 19039 (E.D.N.Y. February 14, 2014).......................................... 8

Irwin v. Dep't of Veterans ,
98 U.S. 89 (1990)............................................................................................................. 7

McGowan v. Williams,
23 F. 2d. 1239 (7th Cir. 1980)......................................................................................... 5

Menominee Indian Tribe v. United States,
577 U.S. 250 (2016)......................................................................................................... 6

Pace v. DiGuglielmo,
44 U.S. 408 (2005)........................................................................................................... 6

Pryce v. United States,
2022 U.S. Dist. LEXIS 140871 (S.D.N.Y. August 8, 2022)............................................. 7

Rein v. McCarthy,
803 Fed. Appx. 477 (2d Cir. March 4, 2020)................................................................... 8

United States v. Kwai Fun Wong,
575 U.S. 402 (2015)................................................................................................ 2, 3, 4

Veltri v. Bldg. Serv. 32b-J Pension Fund,
93 F.3d 318 (2d Cir. 2004) .............................................................................................. 6

### **State Cases**

JP Morgan Chase Bank, Nat'l Ass'n v. Lee,
86 A.D.3d 685 (2d Dep't 2020) ....................................................................................... 9

Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC,
140A.D. 3d 104 (2d Dep't )                   ……………………………………………9

Wenz v. Smith,
100 A.D.2d 585 (2d Dep't 1984) ..................................................................................... 9

## Statutes

8 U.S.C. § 1346(b), ........................................................................................................ 1, 4

8 U.S.C. § 2401 ............................................................................................................. 1, 2

**PRELIMINARY STATEMENT**

Defendant United States of America ("United States" or "Defendant") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12 (b)(6). Plaintiff's Memorandum of Law in Opposition ("Pl. Opp.") to Defendant's motion to dismiss fails to set forth any basis to find that: 1) the filing of the action in state court satisfied the requirements of 28 U.S.C. § 2401 (b); or 2) Plaintiff's failure to timely file in federal court may be excused by application of equitable tolling.

I.      **The FTCA Requires the Filing of an Action in Federal Court**

The Federal Tort Claims Act ("FTCA") provides for only a "limited waiver" of the sovereign immunity of the United States, and "waivers of sovereign immunity are to be strictly construed, in terms of [their] scope, in favor of the sovereign…Moreover, a waiver must be unequivocally expressed in the statutory text." Cooke v. United States, 918 F.3d 77, 81 (2d Cir. 2019) (citations and internal quotation marks omitted). The FTCA's limited waiver stipulates that "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . , for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [or her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b).

Ignoring the plain statutory text, as well as Supreme Court precedent, Plaintiff argues that as a "matter of law, plaintiffs like Fiermonte cannot know whether their claims should proceed under state law against the individual employees or under the FTCA against the United States until the government decides whether to certify the federal employee's scope of employment." See Pl

1

Opp. at p. 3.  However, there is no language in the statutory text or any case law that suggests that FTCA requirements do not arise unless or until there is a certification.

Plaintiff invokes no precedent for the proposition that the FTCA's clear and limited waiver of sovereign immunity is only triggered when there is a certification of scope employment. Instead, Plaintiff offers ad hoc statutory misconstruction and musings about Congressional intent.[1] See,  e.g., Pl. Opp at p. 8 ("By using the word 'action' rather than 'federal action' (or something similar) in Section 2401 (b), Congress recognized that plaintiffs should not be punished for filing a timely lawsuit in state court because the government-not the plaintiff-generally controls whether the lawsuit will ultimately proceed under state tort law or the FTCA.").[2]

Plaintiff's novel argument that the word "action" does not mean "federal action" is baseless.  The Supreme Court has "said on many occasions that a waiver of sovereign immunity must be unequivocally expressed in statutory text. Legislative history cannot supply a waiver that

---

[1] Plaintiff's misunderstanding of the statutory requirements of the FTCA is evidenced by a suggestion in a footnote that 28 U.S.C. § 2401 (b) should be read in the "disjunctive" and each "clause" should be read "independently to avoid the bar." See Pl. Opp. at pp 1-2, n 1. Even so, Plaintiff acknowledges, as he must, that every circuit has interpreted § 2401 (b) as requiring that *both* conditions must be met.  Indeed, the Supreme Court requires that both conditions to be met. United States v. Kwai Fun Wong, 575 U.S. 402, 405 (The FTCA "provides that a tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues *and* then brought to federal court within six months after the agency acts on the claim.") (internal quotations marks omitted) (emphasis suppled).

[2] Plaintiff also misconstrues the meaning of the FTCA's judgment bar. Pl. Opp at p. 8, fn 5. Plaintiff does not cite any cases to support this misconception. Further, Plaintiff's citations to N.Y. Civ. Rights Law § 85 is not applicable here. Section 85 of the N.Y. Civil Rights Law was recently enacted by New York State to purportedly allow *Bivens* claims, i.e. constitutional claims, against federal officers to be brought in state court.  Other portions of the recently enacted legislation that seek to regulate how federal officers perform their duties are currently the subject of a lawsuit in the Western District of New York. *See United States of America v. Michael Russo, et.al.,* No. 26-CV-1283 (W.D.N.Y.)

2

is not clearly evident from the language of the statute. Any ambiguities in the statutory language are to be construed in favor of immunity, so that the Government's consent to be sued is never enlarged beyond what a fair reading of the text requires." FAA v. Cooper, 566 U.S. 284, 290 (2012)(internal citations and quotations omitted). The FTCA does not waive sovereign immunity for claims brought in a state court action. See Brownback v. King, 592 U.S. 209, 212 (2021) ("Plaintiffs were (and are) required to bring claims under the FTCA in *federal district court. Federal courts have jurisdiction over these claims if they are 'actionable' under §1346(b).")(emphasis supplied); United States v. Kwai Fun Wong, 575 U.S. 402, 405 (The FTCA "provides that a tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues and then brought to *federal court* within six months after the agency acts on the claim.")(internal quotations marks omitted)(emphasis supplied)

Plaintiff's argument that the scope of employment certification determines the proper court within which to file suit and dictates "the proper defendant (the individual employee or the United States) and the proper procedure (exhaustion requirement or no exhaustion requirement)" (see Pl. Opp at p. 2) is thus contrary to all law and must be rejected without more.  It nonetheless fails for other reasons as well. First, Plaintiff filed the administrative claim form, the SF-95 with the FAA. This leads inexorably to the conclusion that Plaintiff was well aware that his claim involved the alleged actions of employees of a federal agency and accordingly required administrative exhaustion--a requirement that is categorically not tied to the certification of scope of employment. See Leonardo Dec, Exhibit A. Second, Plaintiff's SF95 unequivocally alleged negligence on the part of employees located within the air traffic control tower.  Thus, the SF95 is an express admission by Plaintiff that the FAA is the proper defendant. Id. at  3. (Plaintiff's co-worker "called

3

the tower which was manned and controlled by FAA LISSC (Tech.Ops)...”  Third, the SF95 denial letter dated September 28, 2023 from the FAA set out the statutory requirements of the FTCA and noted that “an action in an appropriate Untied States District Court, pursuant to the provisions” of the FTCA must be initiated within six months of the date of the letter, i.e., by March 28, 2024. Id. at Exhibit B. Fourth, upon learning of the state court complaint, an AUSA emailed Plaintiff’s counsel and asked if they would dismiss as against the federal employee because this case “can only be brought in federal court under the FTCA against the United States.” Id. at Exhibit C. Finally, in his state court amended complaint, Plaintiff alleged that the FAA employee was an employee of the FAA and acting within the scope of her employment on the date of the incident. See Docket Entry 1-1 at ¶¶ 98-101. By alleging the FAA employee was acting within the scope of her employment, Plaintiff placed this case squarely within the filing requirements of the FTCA. The amended complaint also described the FAA employee’s actions as being performed “negligently, recklessly and carelessly.” Id. at ¶¶ 631-633.  By alleging that the FAA employee acted negligently, Plaintiff placed this case squarely within the jurisdiction of the federal court and the federal court only. See 28 U.S.C. § 1346(b)( “the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . , for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [or her] office or employment.”)

While Plaintiff claims that the denial letter and the email from the AUSA are “offhand suggestions on how it would prefer to be sued” (Pl. Opp at p. 10) this argument utterly disregards the express limits of the FTCA’s waiver of sovereign immunity. No matter how hard Plaintiff tries, these limits cannot be recast as a preference; there a requirement that Plaintiff’s claims could only

4

be brought in federal court.  And, because Plaintiff refused to dismiss the case against the FAA

employee, the United States had no choice but to remove the case.[3]

Plaintiff relies heavily on <u>McGowan v. Willimas</u>, 623 F. 2d. 1239 (7th Cir. 1980)[4] to

support his position that a timely filing in state court satisfied the requirements of § 2401 (b). <u>See</u>

Pl. Opp. at p. 12. However, in <u>McGowan</u>, the plaintiff did not submit any administrative claim

prior to filing the state court case and thus, failed to exhaust the first requirement of § 2401(b)

before filing suit in state court. <u>McGowan</u>, 623 F. 2d at pp.1240-41.  That was not the case here.

As discussed more fully in the United States' initial memorandum of law, dated May 29, 2026, the

holding in <u>McGowan</u>, was designed to prevent the "unfortunate result of the district court's ruling

that a plaintiff who first initiates suit in state court is without any remedy at all if removal is not

effected until after the federal statute of limitations has run." 623 F. 2d. at 1244. <u>McGowan</u> is thus,

inapposite. As discussed above, Plaintiff was well aware, as shown by his allegations in the SF95

and the amended complaint, he was required to file his complaint in the federal district court and

prior to the expiration of the six month period, he had an opportunity to file in the proper court.

Accordingly, the "unfortunate result" in this case, unlike <u>McGowan</u>, was Plaintiff's failure to act.

---

[3] Plaintiff's claim of "sandbagging" (Pl. Opp at p.3 ) is without merit.  The United States told Plaintiff of the proper procedure first on September 28, 2023 and second, on March 6, 2024. Considering the later date, Plaintiff still had approximately three weeks, until March 28, 2024 to file in the proper court, but chose not to do so. Of course, if Plaintiff had not waited until nearly the end of the six-month period to file a complaint, he would have had ample time to file in the proper court.

[4] On remand, the Second Circuit directed that the parties consider the applicability or four out-of-circuit cases from the 1980's that were decided prior to the enactment of the Westfall Act.

## II.    Plaintiff Is Not Entitled to Equitable Tolling

Plaintiff's only argument for equitable tolling is that it was "reasonable for Fiermonte's counsel to rely on McGowan's understanding of the law" and file in state court. See Pl. Opp at p. 16.  Glaringly absent from Plaintiff's opposition is a declaration  explaining, much less justifying,  the failure to file in federal court after being expressly told on two occasions that the United States District Court was the proper forum. Also absent s any explanation from Plaintiff as to whether extraordinary circumstances prevented Plaintiff from re-filing  the case in federal court in a timely manner as required under the FTCA.

As the Supreme Court has explained, "a litigant is entitled to equitable-tolling of a statute of limitations only if the litigant establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Menominee Indian Tribe v. United States, 577 U.S. 250, 255 (2016). Further, "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." Id. at p. 257 (emphasis in original). It is well settled that equitable tolling is "considered a drastic remedy applicable only in rare and exceptional circumstances." A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135,144 (2d Cir. 2011). "A litigant seeking equitable tolling generally bears the burden of establishing that they have been pursuing their rights diligently, and that some extraordinary circumstance stood in their way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis added); Veltri v. Bldg. Serv. 32b-J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004)("Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances.")

6

In Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96, 111 S. Ct. 453, 457–58, 112 L. Ed. 2d 435 (1990), the Supreme Court, declined to allow equitable tolling, and explained:

Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Here, Plaintiff did not just file a defective pleading--he filed a defective pleading in the wrong court and took no steps, despite having at least three weeks, to correct his error. Without question, Plaintiff failed to exercise due diligence in preserving his legal rights. Pryce v. United States, 21-CV-1698, 2022 U.S. Dist. LEXIS 140871, *22-23 (S.D.N.Y. August 8, 2022) ("The Court additionally finds that Plaintiff's untimely claims against CFCC cannot be saved by the doctrine of equitable tolling. While Plaintiff maintains that she made a diligent effort in pursuing her right to prosecute this matter[,] Plaintiff's counsel's lack of diligence — demonstrated by filing suit in the wrong court — indicates otherwise."). In addition, the United States did not allow the six-month deadline to pass without telling Plaintiff he filed in the wrong court. Plaintiff's claim that he "doggedly pursued his legal remedies" and "[s]hortly after the incident [in September 2021], he exhausted his administrative remedies under the FTCA by submitting a timely administrative claim to the FAA" (Pl. Opp at p. 13) is belied by the record. The incident occurred on September 8, 2021 and  Plaintiff did not submit the SF95 until April 4, 2023, nearly 19 months later. See Leonardo Dec, Exhibit A.

Even considering Plaintiff's explanation of relying on an out-of-circuit case from the 1980's, it is well settled that an attorney's error or a misunderstanding of the law does not warrant equitable tolling. See Holland v. Florida, 560 U.S. 631, 651-652 (2010)(a "garden

7

variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling.")(internal citations and quotations omitted): Rein v. McCarthy, 803 Fed. Appx. 477, 480 (2d Cir. March 4, 2020)("We have consistently held that miscalculating a deadline is the sort of garden variety attorney error that cannot on its own rise to the level of extraordinary circumstances . . .")(internal quotations omitted); Gov't Emples. Ins. Co. v. United States, No. 13-CV-4063, 2014 U.S. Dist. LEXIS 19039, *12 (E.D.N.Y. February 14, 2014)(Bianco, J.)("As a general rule, attorney error or lack of diligence does not justify equitable tolling. A want of diligence by a plaintiff's attorney generally will not prompt a court to provide relief from a limitations period by way of an equitable toll.")(internal citations and quotations omitted).

Accordingly, Plaintiff has not met his burden to show that equitable tolling is available under these circumstances.

### III.    The Amended Complaint Is A Nullity

Plaintiff raises three issues with regard to the Defendant's argument that the amended complaint is a legal nullity: 1) the amended complaint was properly filed; 2) the validity of the complaint is not before the court because the United States waived any arguments; and 3) the Second Circuit remand was limited to briefing the requirements of § 2401 (b) and the applicability of equitable tolling. See Pl. Opp. at pp. 17-20.  Plaintiff is wrong in every respect incorrect.

First, the amended complaint was not properly filed.  The initial complaint was filed on November 10, 2022. See Fiermonte v. Long Island Power Authority, et. al., Index Number 205623/20, Docket Entry 1. Plaintiff argues that the amendment was proper pursuant to New York State C.P.L.R § 1003 (a) which allows a party to amend without leave of court "within

8

twenty days after service of a pleading responding to the original summons." See Pl. Opp. at p. 17.  Plaintiff further asserts that, pursuant to New York law, a plaintiff may amend a complaint within 20 days after service of the last pleading responsive to a complaint. Id.  Plaintiff argues that the last responsive pleading was made on January 25, 2024 when a co-defendant answered the complaint after a motion to dismiss was denied; and the amended complaint was thereafter timely filed on February 12, 2024. See Fiermonte v. Long Island Power Authority, et. al., Index Number 205623/2022 at Docket Entries 43, 45.  However, as indicated by the docket sheet in the state court action, the co-defendant's motion to dismiss was not filed until March 23, 2023, well after the 20 day period within which to answer a complaint. See CPLR 320 (a). The late filed motion to dismiss did not extend the time within which to file an answer.[5] Wenz v. Smith, 100 A.D.2d 585, 586 (2d Dep't 1984)("A motion to dismiss pursuant to CPLR 3211 will extend the time in which a defendant may serve a responsive pleading only if the motion is made before that pleading was originally due and will not operate to relieve a party's default in pleading."). Ultimate One Distrib. Corp. v 2900 Stillwell Ave., LLC, 140 A.D.3d 1054, 1055 (2d Dep't 2016)("Since the defendant's pre-answer motion to dismiss was made after the time to appear or answer had expired, the Supreme Court should have denied the defendant's motion to dismiss as untimely."). While unable to find any case law on point, it would be inconsistent with the requirement that an answer or motion to dismiss be filed within the time limits proscribed in the CPLR to allow an open ended time period.

Second, the United States has not appeared in the state court action and therefore has not waived the filing of an amended complaint, as suggested Plaintiff. See Pl. Opp. at p.19. Absent

---

[5] Even though the state court docket reflects various stipulations to extend motion return dates, the state court docket does not reflect any stipulations to extend this co-defendant's time to answer or otherwise move.

such participation in the state court action, there can be no finding of waiver.  Cf. JPMorgan

Chase Bank, Nat'l Ass'n v. Lee, 186 A.D.3d 685, 686 (2d Dep't 2020) ("When a defendant

participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's

jurisdiction over the action, and by appearing informally in this manner, the defendant confers in

personam jurisdiction on the court."). In fact, the United States' only involvement in the state

court action was to remove the matter to this Court.

Finally, Plaintiff's argument that the Second Circuit's remand is limited is also incorrect.

The Second Circuit directed the district court to consider whether Plaintiff satisfied the

requirements of Section 2401(b) to commence an "action" within six months.  Plaintiff's

argument is that the amended complaint filed in state court satisfies the 2401 (b) requirement.

Accordingly, and necessarily, the validity of the amended complaint in state court is an issue that

is properly before this Court.

**CONCLUSION**

For the foregoing reasons and for the reasons in Defendant's initial memorandum of law,

dated May 29, 2026, Defendant respectfully requests that the Court dismiss this action with

prejudice and grant such other and further relief that the Court deems just and proper.

Dated: Central Islip, New York
      July 10, 2026                      Respectfully submitted,

                                        JOSEPH NOCELLA, JR.
                                        UNITED STATES ATTORNEY

                  By:    /s/ Diane C. Leonardo
                                          Diane C. Leonardo
                                          Assistant United States Attorney

10